UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

ADRIANA GUZMAN

                                        Plaintiff,

   -against-

CITY OF NEW YORK, DANIEL EFINGER, Individually,
GIOVANNI RIVERA, Individually, JOHN GHERARDI,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                         Defendants.

-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

18 CV 05206
(ENV) (RML)

Jury Trial Demanded

Plaintiff ADRIANA GUZMAN, by her attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff ADRIANA GUZMAN is a thirty-nine-year-old female resident of Queens, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, DANIEL EFINGER, GIOVANNI RIVERA, JOHN GHERARDI, and JOHN and JANE DOE 1 through 10, were duly sworn sergeants or police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12.     On June 18, 2017, at approximately 9:00 p.m., defendant officers GIOVANNI RIVERA, DANIEL EFINGER, and Sergeant JOHN GHERARDI responded to 88-44 Sutphin Boulevard to investigate a report that an assault had occurred at that location.

13.     Said officers were aware, prior to arriving at 88-44 Sutphin Boulevard that bystanders had provided a description of the alleged assailant which could not be mistaken for plaintiff and that the alleged victim was intoxicated and highly uncooperative. Further, one of the defendant officers, believed to be EFINGER, obtained video which confirmed plaintiff was not the assailant.

14.     Despite the foregoing, and despite the fact that defendants EFINGER, RIVERA, and GHERARDI lacked probable cause to believe plaintiff had committed any crime or offense, at approximately 9:45 p.m., in front of 108-18 171st Place, Jamaica, New York, defendants EFINGER and RIVERA falsely arrested plaintiff for the alleged assault at 88-44 Sutphin Boulevard.

15.     During the arrest, one of the defendant officers, believed to be EFINGER, placed overtight handcuffs on plaintiff's wrists.

16.     The defendants transferred plaintiff to the NYPD 103rd Police Precinct stationhouse, where they imprisoned her until approximately 12:00 a.m. on June 19, 2017.

17.     Plaintiff was thereafter transferred in police custody to Queens Central Booking where she was further imprisoned until approximately 2:00 p.m. on June 19, 2017, when she was released from custody without being charged with any crimes or offenses.

18.     Defendants DANIEL EFINGER, GIOVANNI RIVERA, JOHN GHERARDI and

3

JOHN and JANE DOE 1 through 10 participated in and/or supervised and/or were present or otherwise aware of the incident and yet failed to intervene in the illegal conduct described herein despite a meaningful opportunity to do so.

19. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals and falsification of evidence.

20. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, engage in a practice of falsification, and conduct wrongful arrests.

21. For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

22. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

23. Moreover, upon information and belief, defendant CITY OF NEW YORK was

aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

24. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

25. All of the aforementioned acts deprived plaintiff ADRIANA GUZMAN, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

29. As a result of the foregoing, plaintiff ADRIANA GUZMAN sustained, *inter alia*, physical injuries, emotional distress, and deprivation of her liberty and her constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against Daniel Efinger, Giovanni Rivera, John Gherardi, and John and Jane Doe 1 through 10)

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. Defendants arrested plaintiff ADRIANA GUZMAN without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

32. Defendants caused plaintiff ADRIANA GUZMAN to be falsely arrested and unlawfully imprisoned.

33. As a result of the foregoing, plaintiff ADRIANA GUZMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983 against Daniel Efinger, Giovanni Rivera, John Gherardi, and John and Jane Doe 1 through 10)

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants JOHN DOE 1 through 10 had an affirmative duty to intervene on behalf of plaintiff ADRIANA GUZMAN, whose constitutional rights were being violated in their presence by other officers.

36. The defendants failed to intervene to prevent the unlawful conduct described herein.

37. As a result of the foregoing, plaintiff was falsely arrested.

38. As a result of the foregoing, plaintiff ADRIAN GUZMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
<u>(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)</u>

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, engaging in a practice of falsification and making improper arrests.

42. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ADRIANA GUZMAN's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

43. The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ADRIANA GUZMAN.

44. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ADRIANA GUZMAN as alleged herein.

45. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ADRIANA GUZMAN as alleged herein.

46. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ADRIANA GUZMAN was falsely arrested.

47. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ADRIANA GUZMAN's rights.

48. All of the foregoing acts by defendants deprived plaintiff ADRIANA GUZMAN of federally protected rights, including, but not limited to, the right:

    A. To be free from seizure and arrest not based upon probable cause;

    B. To be free from failure to intervene.

51. As a result of the foregoing, plaintiff ADRIANA GUZMAN is entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claims**

52. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

54. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

55. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

56. Plaintiff has complied with all conditions precedent to maintaining the instant action.

57. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York against All Defendants)

58. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendants arrested plaintiff ADRIANA GUZMAN without probable cause.

60. Plaintiff ADRIANA GUZMAN was detained against her will for an extended period of time and subjected to physical assault and restraints.

61. As a result of the aforementioned conduct, plaintiff ADRIANA GUZMAN was

unlawfully imprisoned in violation of the laws of the State of New York.

62. As a result of the aforementioned conduct, plaintiff ADRIANA GUZMAN suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

63. The individually named defendants caused the wrongful arrests of plaintiff ADRIANA GUZMAN. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

64. As a result of the foregoing, plaintiff ADRIANA GUZMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN FIFTH CAUSE OF ACTION**
(Assault under the laws of the State of New York against All Defendants)

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. As a result of the foregoing, plaintiff was placed in apprehension of imminent harmful and offensive bodily contact.

67. As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

68. The individually named defendants assaulted plaintiff. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

69. As a result of the foregoing, plaintiff ADRIANA GUZMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN SIXTH CAUSE OF ACTION
(Battery under the laws of the State of New York against All Defendants)

70. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Defendant NYPD officers made offensive contact with plaintiff ADRIAN GUZMAN without privilege or consent.

72. As a result of defendant officers' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

73. Defendant City, as employer of each of the individually named defendant officers, is responsible for said officer's wrongdoing under the doctrine of *respondeat superior*.

74. As a result of the foregoing, plaintiff ADRIAN GUZMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

75. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in subjecting plaintiff ADRIANA GUZMAN to excessive force and false arrest.

77. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

78. As a result of the foregoing, plaintiff ADRIANA GUZMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

79. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who participated in subjecting plaintiff ADRIAN GUZMAN to excessive force and false arrest.

81. As a result of the foregoing, plaintiff ADRIAN GUZMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

such other and further relief as appears just and proper.

Dated: New York, New York
June 14, 2019

>BRETT H. KLEIN, ESQ., PLLC
>Attorneys for ADRIANA GUZMAN
>305 Broadway, Suite 600
>New York, New York 10007
>(212) 335-0132
>
>By:   s/ Brett Klein
>      BRETT H. KLEIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

ADRIANA GUZMAN

                                                      Plaintiff,

                                                                                   18 CV 05206
                                                                                   (ENV) (RML)

      -against-

CITY OF NEW YORK, DANIEL EFINGER, Individually,
GIOVANNI RIVERA, Individually, JOHN GHERARDI,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                                     Defendants.

---------------------------------------------------------------------------------X


## AMENDED COMPLAINT


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132